IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALLEN D'METRICE PORCHER,

    Plaintiff,

v.                                        CASE NO. 1:08-cv-00238-MP-AK

ALACHUA COUNTY SHERIFFS OFFICE,
et al,
    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of Plaintiff's First Amended Complaint. (Doc. 16). Having considered said complaint, the Court finds that the claims asserted should be dismissed for failure to state a claim for relief.

**I.    Allegations of the First Amended Complaint (doc. 16)**

Plaintiff was arrested on July 11, 2006, and held at the Alachua County Jail through December 2006. He asserts claims of denial of medical care, violations of the Americans with Disabilities Act, and negligence for acts by employees at the Alachua County Jail related to his alleged lack of care and proper nutrition for his high blood pressure and renal failure. His claims all concern his disagreement with the level of care and not a deliberate indifference to his medical needs. Specifically, he admits to receiving a number of blood pressure medications, but he argues he did not receive the same medication he was taking before his arrest. He admits that Defendant O'Steen had meetings about his health care and diet and he began a new diet, but he disagrees with the type of foods he was given which he contends were high in potassium. He also admits to receiving kidney dialysis, but complains that the treatments were 4 hours and 15

minutes when he was free world and only 3 ½ hours long when offered by the jail. Although he admits to seeing a nephrologist on August 1, 2006, (within two weeks of being arrested), he claims that he should see one every month. Finally, despite the alleged seriousness of his medical conditions, he complains about being placed in the infirmary by Defendant O'Steen from August 17 to August 30, because he says he was segregated and denied privileges and there was no reason for it. His only "injuries" are that he had headaches and numerous high blood pressure readings.

**II.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**III.    Discussion**

Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference. *Id*. Combining the standards from Farmer and Estelle, the Eleventh Circuit has recently clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000). A purely medical judgment "that in hindsight...may have been poor or even that it may have constituted negligence or medical malpractice does not

elevate Plaintiff's claim to a tort of constitutional dimensions." Pate v. Peel, 256 F. Supp.2d 1326, 1327 (N.D. Fla. 2003), citing Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (differences in opinion between medical staff and inmate do not state Eighth Amendment claim).

Accepting the facts set forth in the complaint as true, Plaintiff does not allege that the Defendants ignored his needs, he simply disagrees with how they responded to those needs and such allegations do not state an Eighth Amendment claim for relief. Plaintiff entered the jail with a serious medical condition which was attended to within hours of his incarceration by administration of medication, physical examination, blood work, and eventually the services of a specialist and dialysis. Plaintiff cannot base a claim of constitutional significance on the grounds that his treatment regimen in jail was not the same as he received prior to his incarceration. His disagreement over the potassium content of his food and vitamins, as well as his lay opinion on the necessity of certain medications and monthly examinations rather than monthly lab work as recommended by the nephrologist borders on the frivolous.

Further he does not assert any specific claims against Sheriff Darnell. She is not liable simply because she is supervisor of the jail. Supervisory personnel cannot be held vicariously liable for the actions of their subordinates. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Plaintiff does not allege that she had any special or specific knowledge of his medical condition.

Plaintiff's claims against Defendants Weakley and James concern their responses to his grievances. Merely signing a grievance does not create liability where the signer had no personal involvement in the alleged violations. Manney v. Moore, 151 F.Supp. 2d 976 (N.D. Ill. 2001).

Defendants Aramark, the Sheriffs Office, and Prison Health Services are not proper defendants since they are not people and Plaintiff must assert claims against persons whom he

claims violated his rights.

Finally, Plaintiff has not claimed an injury for which he would have compensable damages. Having headaches or high blood pressure readings, without more factual detail regarding severity, are insufficient claims for relief.

Plaintiff's claim under Title II of the ADA, also fails since he must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from the participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such entity; (3) by reason of such disability. Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir.2001) (citing 42 U.S.C. 12132). Plaintiff does not allege, and the facts do not support, that he was denied medical care by the jail *because* he had high blood pressure or kidney disease.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim for relief and the Clerk shall note specifically that this cause was dismissed under 28 U.S.C. §1915(e)(2)(b).

**DONE AND ORDERED** this _8th_ day of July, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge